550 P.2d 637

Edna GRIMM and John Grimm, wife and husband, the surviving natural parents of John Grimm, Deceased, and Robert and Pat Bennett, husband and wife, Appellants,

v.

The ARIZONA BOARD OF PARDONS AND PAROLES, Walter Jacobs, Walter Michaels and Donald Simmons, members of the Arizona Board of Pardons and Paroles, Appellees.

No. 2 CA–CIV 2054.

Court of Appeals of Arizona, Division 2.

June 15, 1976.

Rehearing Denied July 16, 1976.

Review Granted Sept. 14, 1976.

Stompoly & Even by John G. Stompoly, Tucson, for appellants.

Fish, Briney, Duffield & Miller, P.C. by Clifford J. Hofmann, Tucson, for appellees.

OPINION

HOWARD, Chief Judge.

Can the Board of Pardons and Paroles and its members be liable in tort for its negligence in placing an inmate on parole? This is the determinative issue in this case.

Appellants, plaintiffs below, brought this wrongful death action against appellees alleging that they were grossly negligent in releasing one Mitchell Thomas Blazak from the Arizona State Prison before the expiration of his sentence. This is an appeal from a summary judgment in favor of appellees.

In 1973, Mitchell Thomas Blazak was released on parole from the Arizona State Prison. He had completed approximately one-third of his sentence for armed robbery and assault with intent to kill. Blazak's record includes an adjudication as a juvenile for burglary, imprisonment in 1964 at the Arizona State Prison for burglary, revocation of parole in 1965, arrest in January of 1967 for a marijuana offense, and conviction in 1967 on the charges for which he was serving time in 1973.

In December of 1967, a psychiatrist characterized Blazak as an extremely dangerous person who should not be free in society until some major psychological changes occurred. Another physchiatrist had described Blazak as a paranoid schizophrenic who could not understand right from wrong, could not adhere to doing what was right, and as being highly dangerous and in need of a long period of mental hospitalization in a maximum security ward.

In 1970, a letter written to a Pima County Superior Court judge stated that eight Tucson psychiatrists agreed with the author of the letter that Blazak was suffering from paranoid schizophrenia and was a psychotic although, at that time, he was in remission.

How much of the foregoing psychiatric information was available to the Arizona State Board of Pardons and Paroles is not known; however, for purposes of this opinion we shall assume that the information was known to the Board of Pardons and Paroles.

On December 14, 1975, while out on parole, Blazak robbed the Brown Fox Tavern in Tucson, Arizona. During the robbery he killed John Grimm and shot and permanently injured Robert Bennett. It was appellees' theory below, and accepted by the trial court, that the quasi judicial immunity of the Board of Pardons and Paroles precluded maintenance of this action. It is appellants' contention that this doctrine of quasi judicial immunity cannot stand in the face of our Supreme Court's decision in *Stone v. Arizona Highway Commission,* 93 Ariz. 384, 381 P.2d 107 (1963). We do not agree and hold that the trial court was correct in granting summary judgment to appellees.

■ The rule of governmental immunity successfully challenged in *Stone,* supra, was that which granted immunity to the government for ministerial acts done in its governmental capacity as opposed to ministerial acts done in a proprietary function. The liability of a governmental body for legislative, quasi judicial, or discretionary acts was never in issue. In fact, our Supreme Court in *Stone,* supra, adopted the reasoning in *Muskopf v. Corning Hospital District,* 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457 (1961) wherein the California court made it clear that government officials were liable for negligent performance of their ministerial duties but were not liable for negligent performance of their discretionary acts within the scope of their authority. As stated in Prosser, Torts 4th Ed. p. 986, it would be unthinkable to make the state or municipality liable for a wrong decision of its courts or for an erroneous evaluation of property by a tax assessor. We hold that no tort action will lie against a governmental body for those acts which are judicial, legislative, quasi judicial or discretionary in nature.

■ The test of a quasi judicial function is whether or not the statutory tribunal is exercising a statutory power to make a decision having a judicial character or attribute and consequent upon some notice or hearing to be had before it as a condition for the rendition of the particular decision made. *Modlin v. City of Miami Beach,* 201 So.2d 70 (Fla.1967).

■ A.R.S. Sec. 31–411 and regulations 5–4–03 and 5–4–05 of the Board of Pardons and Paroles require a hearing for those inmates eligible for parole at which they may testify, have witnesses testify on their behalf and have an attorney present. There can be no doubt that when the Board of Pardons and Paroles decides whether or not to parole an inmate, it is acting in a quasi judicial function. The Board and its members are therefore immune from liability in this case.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.